UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DAVID EVERETT,

      Plaintiff,

  v.

PIERCE COUNTY PROSECUTING
ATTORNEY'S OFFICE *et al.,*

      Defendants.

Case No.  C07-5137RBL

ORDER TO SHOW CAUSE

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff was given leave to proceed *in forma pauperis.*  Plaintiff is challenging the length of a criminal sentence he has received in the Pierce County Superior Court.

      The court now **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed prior to service.  When a person is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of**

ORDER
Page - 1

**a writ of habeas corpus.**"   Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."   Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff has not indicated he has received relief in habeas corpus.  At the current time it appears he fails to state a claim.  Plaintiff should show cause why this action should not be dismissed for failure to state a claim on or before **June 29, 2007.**  The Clerk is directed to send plaintiff a copy of this to plaintiff and note the **June 29, 2007,** due date on the court's calendar.

DATED this 25 day of May, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2