1

2

3

4

5

6

7

8

9                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
10                               AT TACOMA

11    JOHN DAVID EVERETT,

12                 Plaintiff,                      Case No.  C07-5137RBL

13           v.                                    REPORT AND
                                                   RECOMMENDATION
14    PIERCE COUNTY PROSECUTOR'S
      OFFICE *et al.*,                             **NOTED FOR:**
15                                                 **JULY 27, 2007**
                   Defendants.
16

17

18          This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

19    pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

20    MJR 4.  The court has screened this complaint and recommends the complaint be dismissed prior to service for

21    failure to state a claim.  When the court first considered the complaint, the court noted plaintiff was challenging

      the length of his sentence.  An order to show cause was entered (Dkt # 9).  Plaintiff has responded to the order
22
      to show cause (Dkt. # 10).  Plaintiff has also filed a motion to amend the complaint (Dkt. # 11).  The court has
23
      considered both documents.  The proposed amendment, dropping the named prosecutors as defendants, does
24
      not cure the defect in this case (Dkt. # 11).
25

26                                        <u>DISCUSSION</u>

27          When a complaint fails to state a claim, or contains a complete defense to the action on its face, the

28    court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e).

1   Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th

2   Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct

3   complained of was committed by a person acting under color of state law and that (2) the conduct deprived

4   a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt

5   v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327

6   (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements

7   are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020

8   (1986).

9          When a person confined by the state is challenging the very fact or duration of his physical

10  imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a

11  speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Preiser v.

12  Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a

13  prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless**

14  **and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of**

15  **a writ of habeas corpus.**"  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court

16  added:

17          Under our analysis the statute of limitations poses no difficulty while the state challenges are
           being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for
18          damages attributable to an unconstitutional conviction or sentence does not accrue until the
           conviction or sentence has been invalidated.
19
20  Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made

21  based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the

22  invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the

23  invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a

24  writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997)

25  (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). The complaint fails to state a cause of action under 42

26  U.S.C. § 1983.

27          Here, plaintiff challenges his sentencing score, his conviction, and the length of time he will serve.

28  Were plaintiff to prevail, the decision would call into question the propriety of his current incarceration.

    Plaintiff must proceed in habeas corpus.

1

CONCLUSION

2        Plaintiff's action fails to state a claim under 42 U.S.C. § 1983 as a matter of law.  The action should

3  be **DISMISSED WITHOUT PREJUDICE.**  A proposed order accompanies this report and

4  recommendation.

5        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

6  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

7  P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v

8  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

9  set the matter for consideration on **July 27, 2007**, as noted in the caption.

10

11        DATED this 2 day of July, 2007.

12

13                         */S/ J. Kelley Arnold*
                          J. Kelley Arnold
14                         United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3